Jones, J.,
dissenting.
This was an action on the case brought by Dewes, in the Circuit Court of St-. Louis county, against Francis S. Eevin, Peter Reed, James McKinney, Alexander McKinney, and the said Thomas Hanly, to recover a sum of money, for the payment of which they gave their joint notes of hand to one Morton, Who assigned to Bodley, "who assigned to Dewes.
The record states the issuing of a capias against all the defendants helOw, with the sheriff’s return thereon endorsed, that he had executed the same by arresting Hanly, who had given bail, but makes no return as to the other defendants; that on the return day of the process, being the second Monday of October, 1818, a judgment by default Was entered against all the defendants, (naming them,) and that the action being founded on a note, in writing, the Court thereupon gave final judgment against them for damages and Costs, with an award of execution; that at a subsequent term, to wit: on the first Monday of April, 1819, the plaintiff, by his attorney, came into Court and suggested, that the judgment by default, against all the defendants, was improperly entered, when the writ was executed against Hanly alone 5 wherefore, he prayed to have the said judgment amended, which Was done accordingly, (as follows, (19) to Wit:) Therefore, it is considered that the said Farmer Dewes recover against the said Thomas Hanly, his damages aforesaid, in form aforesaid, assessed, together With his costs and charges, by him about his suit in this behalf expended, and that he have execution thereof.
The record has been removed to this Court by writ of error, and nine several causes of error assigned, which are not necessary to be enumerated, as the material points to be decided, are: First. Whether the interlocutory and first final judgment rendered against all the defendants below, are warranted, either by the common law or any statutory provisions. Second. Whether the Court below, had, by law, power to amend this judgment at a subsequent term, or, in other words, to render a second judgment in the same action; and, if so: Third. Whether such amended judgment was entered Up, conformably to the prayer of the plaintiff below.
By the common law, When a joint action is brought against two'or more, the plaintiff cannot proceed against one or more who are served with process, hut must wait until all the other defendants have been served, or until a judgment of outlawry is pronounced against those not taken. The authorities on this head are so numerous, that it would be a useless waste of time to enumerate them, and more especially, as the point seems to he conceded by the counsel of the defendant in error.
By an act of the Territory of Missouri, passed in 1816, ( Geyer’s Digest, page 243,) it is provided, that in joint actions against several, some of whom have been served-with process, others not, the plaintiff may proceed against those taken or summoned, without regard to those not summoned or taken; or he may continue his cause and *18 award alias writs till cmoffxer term, when he can proceed against those appearing j and in case there are several defendants, and some malee default, he may proceed against those who appear, and take1 judgment hy default against the defaulters, and execute a writ of enquiry; or he may file a declaration against the .defendants, resident in any county in the Territory, suggesting therein, that the other defendants were not resident in the Territory, and may proceed to. judgment against them, according to the usage and practice of the Courts.
If the proceedings against Hanly, and the four other original defendants, were had according to any of the provisions of this law,, the first judgment must he affirmed j if not, it ought, in my opinion, to be reversed. That it waj not taken according to any of those provisions, is evident. It is not against Hanly alone, without regard to the other defendants not taken, (as might have been done,) but against all of them jointly, and that at the first term. The cause was not continued, nor was an alias awarded to the next term; judgment hy default was not entered against the other four defendants being defaulters at the second term, nor was a writ of enquiry executed,, nor did the plaintiff file or amend his declaration, so as to make it against defendant Hanly, who was resident, (suggesting therein that the other defendants were not resident,) or proceed to judgment against the said non-resident defendants. This judgment is, therefore, in my opinion, erroneous, and cannot he supported either hy the statute or common law.
It is conceded hy the counsel for the defendants in error, that, generally speaking, a judgment of one term cannot he amended at a subsequent one ; but then they contend, that, in some particular.instance, it may he done, and that this amendment, or second judgment, comes within the latter description. In support of their position they quote 1st. Tidd’s Practice, 660; 2nd. Tidd, 862, 863; 3d. Term Reports, 49, 50; and 5th. Burrow’s Reports, 2730. Neither of those authorities are, in my opinion, applicable: they are ali predicated on the ground of having something to amend by. The authority in 1st Tidd, 660, is decisively against their position. It is therein laid down as a general rule, that there must he sosnelhing to. amend by — the writ by the institution; the declaration hy the bill; and the subsequent other proceedings before judgment, by the preceding ones as therein enumerated; the judgment by the ■verdict, and the execution by the judgment. As this case was a judgment by default, it could not have been amended by the verdict; and it will not he necessany lor me to state or cite authorities to prove, that many amendments may be made after verdict, that cannot be done after judgment hy default, some of the statutes of jeofails not extending to them. The authority, however, chiefly relied on, is that from 3d. Term Reports, 349, 50, Rees v. Morgan; 5th. Burr.’s Reports, Short v. Coffin. In the first of those, the judgment was amended in an action of replevin, so. as to malte it one de retorno habendo, and the second, so as to alter a judgment de bonis propriis against an executor, to one de bonis testatoris. Those two cases were after verdict, and were so amended as to make them conformable thereto, according to operation of law: it being, a fixed principle, that a judgment de bonis propriis will not lie against an executor in a first suit, and that the legal judgment for a defendant in replevin, is one of retorno habendo. Here there were the verdicts of a jury to amend hy, hut in this case there is nothing, as the writ, declaration, and first judgment, are all consonant to each other; but this second judgment is neither conformable to either the declaration or the w.it, as neither of them have been amended.
*19 To prove that a judgment rendered at one term cannot he amended at a subsequent one, I will refer to the case of Conn v. Doyle, 2 Bibb’s Reports, 248, where an evident mistake of the Clerk of the Court, in inserting on the Court records, that the plaintiff below had appealed from the judgment in his favor, instead of the defendant, who had really prayed the appeal, the Supreme Court, on error brought, decided that the mistake could not be rectified or amended, although the members of the Court had perfect recollection of the circumstance, and that it was an evident mistake of the Clerk. The consequence was, that th,e defendant below lost the benefit of an appeal, and the plaintiff had execution. In addition, I will cite the case of Barton u. Petitt and Bayard, in the Supreme Court of the United States, (all the judges being present,) which came on error, brought from the judgment of an inferior Court, obtained by the defendants in error, against the plaintiff. The action below was brought against Barton and one Smith, jointly, on a joint contract. The capias, in that case, (as in this,) was executed on Barton only, and no return made as to the other defendant. Barton filed special bail, and the plaintiff caused the action against Smith to be abated, and proceeded to judgment against Barton alone. On error brought, the Supreme Court reversed the judgment below, on the legal grounds that a judgment against one defendant in a joint action, on contract, against two, was erroneous, unless authorized so to do by the return of' the process against the other defendant. And, surely, the eminent counsel of the plaintiff below, would have applied to amend their judgment so as to make it conformable to the statute of the State, (nearly similar' to ours,) had they conceived the inferior Court had power to order such amendment.
It was also contended, for the defendant in error, that his judgment .can be supported by the statutes of the Territory, in the nature of jeofails. In support of this position, his counsel rely on the 25th and 53d sections of the law regulating judicial proceedings, (Geyer’s Digest, pp. 251 and 261.) Neither of the provisions of this statute can, in my opinion, avail him. The 25th section, applying wholly to proceedings before judgment, which is to me evident, from the expressions made use of, which are, that no proceedings shall be quashed, &c., for want of form, but such as the party demurring shall especialty set down as causes of demurrer, and surely none will contend, that a demurrer will lie after final judgment. The 53d section provides, that no judgment, after a verdict of twelve men, or award of arbitrators, shall be reversed for any defect or default, (in any stage of the proceedings therein enumerated,) or for informality in entering up the judgment by the Clerk. Had those judgments been after verdict, there might be some plausibility, at least, in the .argument; but as they were by default, this branch of the statute cannot apply. As, then, no demurrer can be sustained for want of form, in any proceedings before judgment,1 except such as are specially set down for causes of demurrer, and as a judgment informally entered by the Clerk, shall not, for such informality, be reversed, it necessarily follows, that judgments, good in substance, rendered in one term, cannot, by the common law or statute, be amended at a subsequent one.
On examining the third point, 1 shall content myself with only a few observations. On the facts as stated in the record, it appears that Dewes, by his attorney, applied to the Court below, at the term subsequent to the rendition of the judgment by default, and the first final one, for leave to amend the judgment by default. He did not apply to amend either the first final judgment, or the declaration, or the writ; nor did the Court order the first final judgment to be amended. His prayer was to *20 amend the judgment by defmlt, as having been informally entered; and yet the judgment by default is not amended, but a new judgment, Without being prayed for, or leave granted, is entered up, • and that without vacating, quashing or amending the former judgment; so that there are, on record, two final judgments in the action, one against the four original defendants and Hanly, jointly, and the other against Hanly alone, and award of execution in each; and what is still more extraordinary, the latter judgment against Hanly alone, is, as the record stands, founded on default against him and four others, jointly. The correct mode to be pursued, on leave given to amend a judgment, Would, in this case, have been to have stricken out of the first judgment the names of all the original defendants except Hanly, and then there would have been hut one judgment, and that against him alone. I cannot conceive how an entire new judgment can, by any legal principle, he called, or construed, to be an amendment of a former one; and I am of opinion that Dewes, in order, as he no doubt intended, to have his last judgment entered in conformity to our statute, ought to have asked and obtained leave for the Sheriff to amend his return on the capias, so as to ascertain that the four other defendants were not to he found in his bailiwick.
In every point of view, therefore, in which I can consider those judgments, they are, in my opinion erroneous, and ought to he reversed ; but as my two colleagues (for whose opinion I entertain- the highest respect,) differ from me, the judgment must be affirmed.